Chief Justice Robertson
delivered the opinion of the court;
The county court of Gallatin, having overruled a motion, made by Eversión & Thompson, for the establishment-of a ferry across the Ohio river, from Ghent to Vevay,. they have appealed to this court. They insist that they own the land on the river, including-the landing for the proposed ferry, and that the county court erred in withholding from them-ferry privileges. Anne'T. Sanders, who opposed this motion in the county court-, insists that she is the proprietor of an established ferry from Ghent to Vevay; that the appellants do not own the land on the river, where they proposed to have a ferry established; and that the public interest does not require- or allow, more than one ferry at that place.
This court cannot now decide, whether the appel-lee’s ferry was, or was not, regularly and legally es-Prinia facie,• it would- seem from the order granting to her a ferry, that she- v^as the owner of the land, on the river where it was- established; at all events, it does not appear, that she did not own the land; Therefore, as the grant to her does-uotappear to be void, its validity cannot be questioned collaterally, as it would be, if it were t‘i> be tried' in this case„
Nor is it indispensable to determine whether, or not? the appellants own any of the land, between the -loU. *143 an Ghent and the Ohio river, of in the town of Ghent and on the river; for, évon if they do, they are.nót, as •i necessarry consequence, entitled to the grant of a ferry. If the public convenience do not require than one ferry, the count) court cannot be compellé^. to establish another; and the appellants cannot complain that any right has been withheld from them, by the refusal of the county court to grant to them a ferry.
Judgmentofa e.ranf a ierrjr, Wil! not be're-^sed^u-.'less pear&f’ public benet', would result blisbmenf the propo ferry-
Richardson, for appellants; Sanders and Hoggin, for appellee.
When the public interest requires a ferry on the Ohio river, the owner of the land, where it should be established, is entitled to the grant of the ferry privilege, and is exclusively entitled. And if the county court overrule his application for a ferry, its order should be reversed. But, as ferries are to be established chiefly for the convenience of the community, no judgment of a county court, refusing to establish a ferry, should be reversed,, unless it shall clearly appear, that public benefit would result from the .pro.posed ferry.
In this case, it does not appear that another ferry, at Ghent, is demanded by public utility; on the contrary, the evidence tends to create doubt, whether two ferries could be sustained in actual and useful employment, and whether, consequently, public inconvenience might not result from the establishment ■of more than one ferry. However, there is nothing -in the record, nor in the parol proof, which tends, in •any degree, to show that the county court abused its -discretion, in overruling the motion of the appellants.
Wherefore,the order of the county-court is affirrqed.